**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LAURA POITRAS,** | |
| Plaintiff, | |
| v. | Case No. 1:15-cv-1091 (KBJ) |
| **U.S. DEPARTMENT OF HOMELAND SECURITY ET AL.,** | |
| Defendants. | |

**EXHIBIT 5: Declaration of Regina Ann McCoy (TSA)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAURA POITRAS, ) | |
| Praxis Films ) | |
| 205 Hudson Street ) | |
| New York, NY 10013, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:15-cv-01091 |
| ) | |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY ) | |
| Washington, D.C. 20528, ) | |
| ) | |
| DEPARTMENT OF JUSTICE ) | |
| 950 Pennsylvania Avenue, N.W. ) | |
| Washington, D.C. 20530, and ) | |
| ) | |
| OFFICE OF THE DIRECTOR OF ) | |
| NATIONAL INTELLIGENCE ) | |
| Washington, D.C. 20511, ) | |
| ) | |
| Defendants. ) | |

## **DECLARATION OF REGINA ANN McCOY**

I, REGINA ANN McCOY, make this Declaration under penalty of perjury, pursuant to

28 U.S.C. § 1746:

1.      I am the Freedom of Information Act (FOIA) Officer for the Transportation

Security Administration (TSA) within the Department of Homeland Security (DHS). As FOIA

Officer, I oversee the FOIA Branch of TSA's Office of Civil Rights & Liberties, Ombudsman &

Traveler Engagement.  My duty station is the TSA headquarters in Arlington, VA.  I began

working for the TSA FOIA Branch in May 2013, and I became the Branch Operations Manager in September 2014. I have held my current position as FOIA Officer since July 2015.

2.  The statements made in this declaration are based on my personal knowledge and information made available to me in the performance of my official duties as TSA's FOIA Officer.

3.  In the course of performing my official duties as FOIA Officer, I oversee the processing of requests for TSA records made under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a. I am familiar with TSA's obligations under both statutes and the various exemptions to their disclosure requirements.

4.  The normal business practice for processing and responding to FOIA requests includes contacting requesters to clarify the scope of their requests, tasking TSA program offices with conducting reasonable, thorough searches for responsive records, coordinating the review of any responsive records to identify and redact Sensitive Security Information (SSI), reviewing responsive records to identify and redact any other information that is exempt from disclosure under the FOIA, and providing responsive records to requesters.

5.  I have reviewed the TSA FOIA Branch's entire administrative file regarding Plaintiff Laura Poitras's FOIA request as well as her Complaint in this action.

6.  By letter dated January 24, 2014, Plaintiff submitted a FOIA request to TSA through her counsel, Mr. David Sobel. The letter requested "disclosure of all agency records concerning, naming, or relating to Ms. Poitras." A true and correct copy of this letter is attached as Exhibit A.

Page **2** of **9**

7.      Upon receiving Plaintiff's FOIA request, the TSA FOIA Branch assigned it case number 2014-TSPA-00168 for processing. By letter dated February 6, 2014, the FOIA Branch acknowledged receipt of Plaintiff's FOIA request and informed Plaintiff's counsel that the request was "too broad in scope or does not specifically identify the records" sought. The letter also provided Plaintiff's counsel with the following instruction: "You must describe the records with as much information as possible to enable us to locate them, if they exist, with a reasonable amount of effort." A true and correct copy of this letter is attached as Exhibit B.

8.      The instruction provided in the FOIA Branch letter dated February 6, 2014, is consistent with DHS FOIA regulations, which require that FOIA requesters "must describe the records that [they] seek in enough detail to enable Department personnel to locate them with a reasonable amount of effort," and "whenever possible . . . should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record." 6 C.F.R. § 5.3(b). DHS FOIA regulations also provide that if a "request does not reasonably describe the records" sought, "the agency's response to [the] request may be delayed." *Id.*

9.      Plaintiff's counsel responded to the FOIA Branch by letter dated March 19, 2014. This letter provided information about "difficulties Ms. Poitras encountered while traveling on international flights" on seven different trips during the period from July 2006 to May 2007. The letter also stated that from "June or July 2006" to October 2006, Ms. Poitras received boarding passes for domestic flights that were "marked with 'SSSS.'" The letter did not provide any exact dates or request production of any specific records or types of records. The letter also did not identify any specific systems of records or TSA program offices that should be searched. The

Page **3** of **9**

letter did identify three domestic airports at which TSA has offices: John F. Kennedy International Airport (JFK), La Guardia Airport (LGA), and Newark Liberty International Airport (EWR). The letter concluded, "I believe this information should assist the agency in locating responsive records." A true and correct copy of the letter is attached as Exhibit C.

10.     Upon receiving Plaintiff's counsel's letter of March 19, 2014, TSA's FOIA Branch responded with a letter dated March 26, 2014. The FOIA Branch again informed Plaintiff's counsel that more information was needed to process Plaintiff's request: "We determined your request is too broad in scope or does not specifically identify the records you seek. You must describe the records with as much information as possible to enable us to locate them, if they exist, with a reasonable amount of effort." The FOIA Branch erroneously labeled its acknowledgement letter with the incorrect case number 2014-TSFO-00269. Plaintiff's FOIA case had in fact previously been assigned case number 2014-TSPA-00168. A true and correct copy of the FOIA Branch letter dated March 26, 2014, is attached as Exhibit D.

11.     The FOIA Branch has no record of ever receiving a response to its letter of March 26, 2014, from Plaintiff or her counsel.

12.     On July 14, 2015, the FOIA Branch received notice of this lawsuit and a copy of Plaintiff's Complaint. In paragraph 19, the Complaint identified one additional domestic airport, Washington Dulles International Airport (IAD), that was not mentioned in Plaintiff's counsel's letter of March 19, 2014. The Complaint also identified several exact dates on which Plaintiff allegedly traveled by air. The first travel date alleged was July 12, 2006. Compl. ¶ 15. The most recent travel date alleged was April 5, 2012. Compl. ¶ 24. The Complaint did not allege any exact travel dates before July 12, 2006, or after April 5, 2012.

13.     Based on the information in Plaintiff's counsel's letter of March 19, 2014, and Plaintiff's Complaint, the FOIA Branch construed Plaintiff's FOIA request as seeking only records from the time period of June 2006 through April 2012. *See* Compl. at ¶ 3 (alleging that "[b]etween July 2006 and April 2012, Plaintiff traveled frequently for work" and "was subject to secondary security screening on more than fifty (50) occasions"); ¶ 12 (alleging that "[b]eginning in June or July 2006," Plaintiff "was subjected to increased security screening at security checkpoints"). Only records from this period were considered responsive to Plaintiff's FOIA request.

14.     Based on the information provided in Plaintiff's counsel's letter of March 19, 2014, and Plaintiff's Complaint, the FOIA Branch tasked six different TSA offices with searching for potentially responsive records. Because Plaintiff's counsel's letter specifically identified three domestic airports – JFK, LGA, and EWR – the FOIA Branch tasked TSA's offices at these airports with conducting a search. And because Plaintiff's Complaint additionally mentioned travel through IAD, the FOIA Branch also tasked TSA's office at that airport with conducting a search.

15.     Because Plaintiff's counsel's letter mentioned that Plaintiff's boarding passes had been marked with "SSSS" and Plaintiff had received additional screening at airport security checkpoints, the FOIA Branch also tasked TSA's Office of Intelligence and Analysis (OIA) with conducting a search. OIA operates TSA's Secure Flight Program, which pre-selects certain airline passengers to receive additional security screening and directs air carriers to mark these passengers' boarding passes to indicate that they should receive additional screening at airport security checkpoints.

16. Finally, because Plaintiff's counsel's letter stated that Plaintiff had encountered "difficulties" while traveling on international flights, the FOIA Branch tasked the DHS Traveler Redress Inquiry Program (DHS TRIP) with conducting a search. DHS TRIP is an interagency program administered by TSA to serve as a single point of contact for individuals who have inquires or seek resolution regarding difficulties they experienced during their travel screening at transportation hubs or when crossing U.S. borders.

17. Using the language of Plaintiff's counsel's original letter of January 24, 2104, attached as Exhibit A, the FOIA Branch tasked OIA, DHS TRIP, and TSA's offices at JFK, LGA, EWR, and IAD with searching for all "records concerning, naming, or relating to" Plaintiff.

18. After conducting a search, DHS TRIP located 21 pages of records that were responsive to Plaintiff's FOIA request.

19. After conducting searches, TSA's offices at JFK, LGA, EWR, and IAD did not locate any records responsive to Plaintiff's FOIA request.

20. The remaining TSA office tasked with searching for responsive records, OIA, also reported the result of its search to the FOIA Branch. As explained below and in the Declaration of Douglas E. Blair also submitted to the Court in this case, TSA can neither confirm nor deny that OIA located any records responsive to Plaintiff's FOIA request. Confirming or denying the existence of such records would reveal SSI that cannot be disclosed.

Responsive DHS TRIP Records

21. To determine whether any information in the 21 pages of responsive DHS TRIP records was SSI, the FOIA Branch submitted the records to TSA's SSI Program for review. The

SSI Program redacted all SSI from the records pursuant to 5 U.S.C. § 552(b)(3), 49 U.S.C. § 114(r), and 49 C.F.R. Part 1520.

22.     Under 5 U.S.C. § 552(b)(3), information is exempt from disclosure under the FOIA if another statute specifically provides for such an exemption. A statute specifically providing an exemption for particular information must either (i) leave no discretion, or (ii) establish particular criteria for determining what information is exempt from disclosure under the FOIA. And, if enacted after the date of enactment of the OPEN FOIA Act of 2009, a statue providing an exemption from disclosure for particular information also must specifically cite to 5 U.S.C. § 552(b)(3).

23.     TSA has determined, and courts have uniformly affirmed, that 49 U.S.C. § 114(r) is a statute that meets the requirements of 5 U.S.C. § 552(b)(3) to specifically exempt particular information from disclosure under the FOIA. 49 U.S.C. § 114(r)(1) provides that "[n]otwithstanding section 552 of title 5, the [TSA Administrator] shall prescribe regulations prohibiting the disclosure of information obtained or developed in carrying out security under authority of the Aviation and Transportation Security Act (Public Law 107-71) or under chapter 449 of [title 49] if the [Administrator] decides that disclosing the information would (A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential commercial or financial information; or (C) be detrimental to the security of transportation."

24.     Under its authority granted by 49 U.S.C. § 114(r)(1), TSA has promulgated regulations at 49 C.F.R part 1520 setting forth the types of information for which disclosure would (A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential commercial or financial information; or (C) be detrimental to the security of

transportation.   The regulations designate these types of information as "Sensitive Security Information (SSI)."  49 C.F.R. § 1520.9 expressly prohibits the public disclosure of SSI.

25.    49 C.F.R. § 1520.5(b)(9)(ii) expressly designates as SSI "information and sources of information used by a passenger or property screening program or system, including an automated screening system."   This provision covers "information used by a computerized passenger screening system, including lists of individuals identified as threats to transportation or national security."  Protection of Sensitive Security Information, 69 Fed. Reg. 28,066, 28,071 (May 18, 2004) (interim final rule adding 49 C.F. R. § 1520.5(b)(9)(ii)).  Information that reveals an individual's status with respect to a Federal government watchlist (i.e., whether the individual is or is not on a watchlist) is SSI under this provision.

26.    TSA's SSI Program determined that information designated as SSI by 49 C.F.R. § 1520.5(b)(9)(ii) appeared on six of the 21 pages of responsive DHS TRIP records.  The SSI Program redacted the SSI from these six pages because the public disclosure of SSI is expressly prohibited by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.9.  No other SSI was identified in the 21 pages of responsive DHS TRIP records.  TSA's final determinations as to what constitutes SSI are exclusively reviewable by a United States Court of Appeals under 49 U.S.C. § 46110.[1]

27.    After the SSI Program completed its redaction of SSI, TSA's FOIA Branch reviewed the 21 pages of responsive DHS TRIP records and determined that no other

---

[1] Although section 46110 states that it applies to TSA final orders issued pursuant to "subsection (1) or (s) of section 114," subsection (s) of section 114 has been recodified as subsection (r). *See* Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, Div. E, § 568(a), 121 Stat. 1844, 2092 (Dec. 26, 2007).

information was exempt from disclosure under the FOIA. The FOIA Branch then produced the 21 pages of redacted records to Plaintiff's counsel on November 12, 2015.

Result of OIA's Search for Responsive Records

28. After conducting its search for responsive records, OIA reported the result to the FOIA Branch. To determine whether the result of OIA's search could be disclosed to Plaintiff, the FOIA Branch consulted with the SSI Program. The SSI Program determined that TSA cannot disclose whether OIA located any records responsive to Plaintiff's FOIA request because acknowledging the existence or non-existence of responsive records would reveal whether Plaintiff was or was not on a Federal government watchlist. As explained above, an individual's status with respect to a watchlist is SSI that cannot be disclosed. The SSI Program's determination is further explained in the Declaration of Douglas E. Blair also submitted to the Court in this case.

29. In lieu of informing Plaintiff of the result of OIA's search for responsive records, the FOIA Branch's final response letter to Plaintiff's counsel dated November 12, 2015, explained as follows: "To the extent you have requested records maintained by TSA that indicate status on a Federal Watch List, TSA can neither confirm nor deny whether any such records exist regarding your client, Ms. Laura Poitras." A true and correct copy of the final response letter is attached as Exhibit E.

DATED:     May 24, 2016
           Arlington, VA

REGINA ANN McCOY
FOIA Officer
Transportation Security Administration

Page **9** of **9**

# EXHIBIT A

# David L. Sobel

Attorney-at-Law

Suite 410
1818 N Street, N.W.
Washington, DC 20036

(202) 246-6180  (voice)
(202) 237-7727  (fax)
sobel@att.net (e-mail)

January 24, 2014

## BY CERTIFIED MAIL -- 70131710000104259946

Transportation Security Administration
Freedom of Information Act Branch
601 S. 12th Street
11th Floor, East Tower, TSA-20
Arlington, VA 20598-6020

### Re: Freedom of Information Act Request

Dear Sir or Madam:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5 U.S.C.
§ 552, and is submitted on behalf of my client, Laura Poitras. A "privacy waiver" form
executed by Ms. Poitras and authorizing disclosure of responsive records to me is
attached to this request.

I request disclosure of all agency records concerning, naming, or relating to Ms. Poitras.
In the event that you determine that some responsive matewrial might be exempt from
disclosure under FOIA, please indicate the specific exemption or exemptions upon which
the agency relies.  Ms. Poitras agrees to incur legally assessable processing fees not to
exceed $100.

As the FOIA requires, I will anticipate your response to this request within twenty
working days.  Please feel free to contact me at the e-mail address or telephone number
indicated above if you wish to discuss this request.

Thank you for your prompt attention.

Sincerely,

David L. Sobel

encl.

**David L. Sobel**
Attorney-at-Law
1818 N Street, N.W., Suite 410
Washington, DC 20036



7013 1710 0001 0425 9946





U.S. POSTAGE
PAID
WASHINGTON.DC
20036
JAN 24, 14
AMOUNT
$3.56
00095559-22

1000      20598

**B-1a**   **B**

6020
Delivery Point

6020

foia

Processed By: DSS-990M-013
1/28/2014 11:26:14 AM

7013171000104259946

Transportation Security Administration
Freedom of Information Act Branch
601 S. 12th Street
11th Floor, East Tower, TSA-20
Arlington, VA 20598-6020

205986020



MAIL SENTRY # 901
JAN 28 2014

Visual Screening

JAN 28 2014

Quality Assurance

# EXHIBIT B

U.S. Department of Homeland Security
Transportation Security Administration
Freedom of Information Act Branch
601 S. 12th Street
Arlington, VA 20598-6020



**Transportation**
**Security**
**Administration**
FEB 0 6 2014

---

## Freedom of Information Act/Privacy Act Request Acknowledgement

| | |
|---|---|
| **Requester Name and Address:**<br>Mr. David L. Sobel<br>sobel@att.net | **Request Date: 1-24-14** |
| | **Date Received: 2-6-14** |
| | **Case Number: 2014-TSPA-00168** |
| | **Fee Waiver Requested      Expedited Requested** |

Mr.: Sobel

Your request has been received in this office for processing. Please see below to learn if we need additional clarification and/or documentation in order to continue processing your request. If the first box is checked, nothing more is required from you. If other boxes are checked and we do require supplemental information, you have 30 calendar days to respond. If you do not respond within 30 days, we will administratively close your case; however, you may resubmit your request at any time. If you have any questions, please contact this office at (571) 227-2300 or foia@tsa.dhs.gov.

☐ No additional information is needed; we entered your request in our processing queue.

☐ Because you have asked for copies of records about yourself, we must verify your identity to ensure that your personal information is released only to you. Enclosed is the appropriate form that can be used to satisfy this requirement.

☐ Because you have submitted a third party request, we must receive a statement from the subject of the request verifying his/her identity and certifying his/her agreement that records concerning him/her may be released to you. Enclosed is the appropriate form that can be used to satisfy this requirement.

☑ We determined your request is too broad in scope or does not specifically identify the records you seek. You must describe the records with as much information as possible to enable us to locate them, if they exist, with a reasonable amount of effort.

☐ Your request for expedited processing is denied because you do not qualify under one of the two required categories: 1) Circumstances in which the lack of expedited treatment could pose an imminent threat to life or physical safety, or 2) A particular urgency existed to inform the public about government activity beyond the public's right to know.

☐ Please be advised that the FOIA does not require federal agencies to answer questions or create records in response to a FOIA request. Please modify your request ensuring you specifically describe the records you seek.

\*\*

After careful review of your FOIA request, we determined that your request is too broad in scope or did not specifically identify the records which you are seeking. Please provide a description of the nature of your contacts with TSA to assist in the scope of the search. Examples of such contacts would be employment by TSA, application for or possession of a TSA credential, or a fine or citation by TSA. Additionally, if none of these apply and your only contact with the agency has been as a traveler passing through security checkpoints, please let us know. For this reason, the Department of Homeland Security (DHS) regulation, 6 CFR Part 5, §5.3(b), requires that you describe the records you are seeking with as much information as possible to ensure that our search can locate them with a reasonable amount of effort. Whenever possible, a request should include specific information about each record sought, such as the date, title or name, author, recipients, and subject matter of the records, if known, or the DHS component or office you believe created and/or controls the record. The FOIA does not require an agency to create new records, answer questions posed by requesters, or attempt to interpret a request that does not identify specific records.

**EXHIBIT C**

# David L. Sobel
### Attorney-at-Law

Suite 410                                        (202) 246-6180  (voice)
1818 N Street, N.W.                              (202) 237-7727  (fax)
Washington, DC 20036                             sobel@att.net (e-mail)

March 19, 2014

**BY FAX -- 571-227-1406**

Transportation Security Administration
Freedom of Information Act Branch
601 S. 12th Street
11th Floor, East Tower, TSA-20
Arlington, VA 20598-6020

### Re: Freedom of Information Act Request – 2014-TSPA-00168

Dear Sir or Madam:

I previously submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on behalf of my client, Laura Poitras. A "privacy waiver" form executed by Ms. Poitras and authorizing disclosure of responsive records to me was attached to that request, which was assigned the above processing number.

On February 6, 2014, your office sent me the attached letter requesting additional information. In response to that request, I am providing the following information concerning difficulties Ms. Poitras encountered while traveling on international flights:

July 2006:   Jerusalem – Newark

Ms. Poitras encountered difficulties boarding her flight in Newark. Her boarding pass was marked with "SSSS." When returning, she waited 30 minutes while Jerusalem officials got permission for her to get a boarding pass. Ms. Poitras was held for two hours waiting for approval to enter the county.

August 2006:   Sarajevo FF – NYC JFK

Ms. Poitras was removed from the terminal in Vienna and taken to a police inspection area. All of her bags were searched. She was told by security that she had a "Threat Score" of 400 points. Ms. Poitras was taken into Customs and held for two hours.

November 2006:   Paris – NYC JFK

Ms. Poitras was taken into Customs and held for 30 minutes while calls were made seeking approval to allow her to enter the country.

TSA FOIA Office
March 19, 2014
Page two


December 2006:  Dubai – NYC JFK

Ms. Poitras was taken into Customs and held while calls were made seeking approval to allow her to enter the country.  She was asked about when she had "last been to Atlanta," and was told her file indicated a criminal record.

March 2007:  London – NYC JFK

Ms. Poitras was taken into Customs and held while calls were made seeking approval to allow her to enter the country.

March 2007:  Canada – NYC LGA

Ms. Poitras was taken into Customs and held while calls were made seeking approval to allow her to enter the country.

May 2007:  Yemen – NYC JFK

Ms. Poitras was taken aside and questioned.  All of her notebooks, receipts, business cards, etc. were taken and photocopied.

In addition to the above-described instances, beginning in June or July 2006, in order for Ms. Poitras to receive a boarding pass for domestic flights, phone calls needed to be made to clear her.  Her boarding pass was marked with "SSSS" and she was pulled aside and searched at security checkpoints.  These actions ended in October 2006 with respect to Ms. Poitras' domestic flights.

I believe this information should assist the agency in locating responsive records. Thank you for your prompt attention.


Sincerely,

David L. Sobel

encl.

```
                    TRANSMISSION VERIFICATION REPORT

                                          TIME   : 03/19/2014 21:51
                                          NAME   : 3600 FAX
                                          FAX    : 202-237-7727
                                          TEL    : 202-237-6727
                                          SER.#  : U62513M0J141313
```

```
      DATE,TIME                       03/19   21:49
      FAX NO./NAME                    15712271406
      DURATION                        00:02:00
      PAGE(S)                         04
      RESULT                          OK
      MODE                            STANDARD
```

# David L. Sobel

Attorney-at-Law

Suite 410                                    (202) 246-6180  (voice)
1818 N Street, N.W.                          (202) 237-7727  (fax)
Washington, DC 20036                         sobel@att.net (e-mail)

March 19, 2014

## BY FAX -- 571-227-1406

Transportation Security Administration
Freedom of Information Act Branch
601 S. 12th Street
11th Floor, East Tower, TSA-20
Arlington, VA 20598-6020

### Re: Freedom of Information Act Request – 2014-TSPA-00168

Dear Sir or Madam:

I previously submitted a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552, on behalf of my client, Laura Poitras. A "privacy waiver" form executed
by Ms. Poitras and authorizing disclosure of responsive records to me was attached to
that request, which was assigned the above processing number.

On February 6, 2014, your office sent me the attached letter requesting additional
information. In response to that request, I am providing the following information
concerning difficulties Ms. Poitras encountered while traveling on international flights:

July 2006:  Jerusalem – Newark

Ms. Poitras encountered difficulties boarding her flight in Newark. Her boarding pass was
marked with "SSSS." When returning, she waited 30 minutes while Jerusalem officials got

**EXHIBIT D**

**U.S. Department of Homeland Security**
**Transportation Security Administration**
**Freedom of Information Act Branch**
**601 S. 12th Street**
**Arlington, VA 20598-6020**



**Transportation**
**Security**
**Administration**

**3/26/14**

| | |
|---|---|
| **Freedom of Information Act/Privacy Act Request Acknowledgement** | |
| **Requester Name and Address:**<br>David L Sobel<br>sobel@att.net<br>Attorney<br>1818 N Street, N.W.<br><br>Washington, DC 20036 | **Request Date:  January 24, 2014**<br>**Date Received: March 26, 2014**<br>**Case Number:  2014-TSFO-00269**<br>**Fee Waiver Requested: n/a  Expedited Requested: n/a** |

 Mr. Sobel:

Your request has been received in this office for processing.  Please see below to learn if we need additional clarification and/or documentation in order to continue processing your request.  If the first box is checked, nothing more is required from you.  If other boxes are checked and we do require supplemental information, you have 30 calendar days to respond.  If you do not respond within 30 days, we will administratively close your case; however, you may resubmit your request at any time.  If you have any questions, please contact this office at (571) 227-2300 or foia@tsa.dhs.gov.

☐ No additional information is needed; we entered your request in our processing queue.

☐ Because you have asked for copies of records about yourself, we must verify your identity to ensure that your personal information is released only to you.  Enclosed is the appropriate form that can be used to satisfy this requirement.

☐ Because you have submitted a third party request, we must receive a statement from the subject of the request verifying his/her identity and certifying his/her agreement that records concerning him/her may be released to you.  Enclosed is the appropriate form that can be used to satisfy this requirement.

☑ We determined your request is too broad in scope or does not specifically identify the records you seek.  You must describe the records with as much information as possible to enable us to locate them, if they exist, with a reasonable amount of effort.

☐ Your request for expedited processing is denied because you do not qualify under one of the two required categories: 1) Circumstances in which the lack of expedited treatment could pose an imminent threat to life or physical safety, or 2) A particular urgency existed to inform the public about government activity beyond the public's right to know.

☐ Please be advised that the FOIA does not require federal agencies to answer questions or create records in response to a FOIA request.  Please modify your request ensuring you specifically describe the records you seek.

**EXHIBIT E**

**U.S. Department of Homeland Security**
**Freedom of Information Act Branch**
**601 South 12th Street**
**Arlington, VA  20598-6020**



November 12, 2015

**3700.1**
**Case Number:  2014-TSPA-00168**
                      **2014-TSFO-00269**

David Sobel
Attorney-at-Law
1818 N Street, NW
Suite 410
Washington, DC  20036

Dear Mr. Sobel:

This letter responds to your Freedom of Information Act/Privacy Act (FOIA/PA) request dated
January 24, 2014, addressed to the Transportation Security Administration (TSA) FOIA Branch,
requesting information regarding your client, Ms. Laura Poitras.

On February 6, 2014, we acknowledged receipt of your request, assigned your request case
number 2014-TSPA-00168, and informed you that your request was too broad in scope and did
not specifically identify the records you were seeking. We asked you to resubmit your request
with a reasonable description of the records you were seeking to facilitate processing. You
replied with a letter dated March 19, 2014, in which you provided additional information.  We
acknowledged receipt of this letter on March 26, 2014.  Our March 26 acknowledgement letter
erroneously identified your FOIA request case number as 2014-TSFO-00269.

The processing of your request identified certain materials that will be released to you. Portions
not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and
the Privacy Act, 5 U.S.C. § 552a.  Please refer to the Applicable Exemptions list at the end of
this letter that identifies the authority for withholding the exempt material, which is indicated by
a mark appearing in the block next to the exemption. An additional enclosure with this letter
explains these exemptions in more detail.

To the extent you have requested records maintained by TSA that indicate status on a Federal
Watch List, TSA can neither confirm nor deny whether any such records exist regarding your
client, Ms. Laura Poitras.  In response to a FOIA/PA request, TSA cannot confirm or deny that
an individual is or was on a Federal Watch List because placement on a Watch List is based on
classified and sensitive law enforcement and intelligence information.  Neither confirming nor
denying the existence of records indicating placement on a Federal Watch List protects the
operational counterterrorism and intelligence collection objectives of the Federal government
and the personal safety of those involved in counterterrorism investigations.  Federal Watch Lists
remain effective tools in the government's counterterrorism and transportation security efforts
because their contents are not disclosed.

The Federal Watch Lists include the No-Fly and Selectee Lists, which have been designated as "Sensitive Security Information" (SSI) under the governing regulations, which may be found at 49 C.F.R. Part 1520.  Under 49 U.S.C. § 114(r) and the implementing regulation at 49 C.F.R. § 1520.15(a), and notwithstanding the Freedom of Information Act (5 U.S.C. § 552), the Privacy Act (5 U.S.C. § 552a), or any other laws, records containing SSI are not available for public inspection or copying, and TSA does not release such records to persons without a "need to know" as defined in 49 C.F.R. § 1520.11.  In addition, Exemption (b)(3) of the FOIA allows the withholding of records specifically prohibited from disclosure by another Federal statute if the statute "requires that the matters be withheld from the public as to leave no discretion on the issue."  5 U.S.C. § 552(b)(3).

The rules and regulations of the Transportation Security Administration applicable to Freedom of Information Act and Privacy Act requests are contained in the Code of Federal Regulations, Title 6, Part 5. They are published in the Federal Register and are available for inspection by the public.

<u>Fees</u>

There are no fees associated with processing this request because the fees incurred do not exceed the minimum threshold necessary for charge.

<u>Administrative Appeal</u>

In the event that you wish to appeal this determination, an administrative appeal may be made in writing to Kimberly Walton, Assistant Administrator, Office of Civil Rights & Liberties, Ombudsman and Traveler Engagement (CRL/OTE), Transportation Security Administration, 601 South 12th Street, East Building, E7-121S, Arlington, VA  20598-6033.  Your appeal **must be submitted within 60 days** from the date of this determination.  It should contain your FOIA request number and, to the extent possible, the reasons why you believe the initial determination should be reversed. In addition, the envelope in which the appeal is mailed should be prominently marked "FOIA Appeal."  Please note that the Assistant Administrator's determination of the appeal will be administratively final.

If you have any questions pertaining to your request, please feel free to contact the FOIA Branch at 1-866-364-2872 or locally at 571-227-2300.

Sincerely,

Regina McCoy
FOIA Officer


Summary:
Number of Pages Released in Part or in Full: 21

## APPLICABLE EXEMPTIONS
## FREEDOM OF INFORMATION ACT AND/OR PRIVACY ACT

### Freedom of Information Act (5 U.S.C. 552)

☐ (b)(1)   ☐ (b)(2)   ☒ (b)(3)   ☐ (b)(4)   ☐ (b)(5)   ☐ (b)(6)

☐ (b)(7)(A)   ☐ (b)(7)(B)   ☐ (b)(7)(C)   ☐ (b)(7)(D)   ☐ (b)(7)(E)   ☐ (b)(7)(F)

### Privacy Act (5 U.S.C. 552a)

☐ (d)(5)   ☐ (j)(2)   ☐ (k)(1)   ☒ (k)(2)   ☐ (k)(5)   ☐ (k)(6)

Enclosures

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

Transportation Security Administration (TSA) FOIA Branch applies FOIA exemptions to protect:

<u>Exemptions</u>

**Exemption (b)(1):** Records that contain information that is classified for national security purposes.

**Exemption (b)(2):** Records that are related solely to the internal personnel rules and practices of an agency.

**Exemption (b)(3):** Records specifically exempted from disclosure by Title 49 U.S.C. Section 114(r), which exempts from disclosure Sensitive Security Information (SSI) that "would be detrimental to the security of transportation" if disclosed.

**Exemption (b)(4):** Records that contain trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

**Exemption (b)(5):** Inter- or intra-agency records that are normally privileged in the civil discovery context. The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege:

- Deliberative process privilege – Under the deliberative process privilege, disclosure of these records would injure the quality of future agency decisions by discouraging the open and frank policy discussions between subordinates and superiors.
- Attorney work-product privilege – Records prepared by or at the direction of a TSA attorney.
- Attorney-client privilege – Records of communications between an attorney and his/her client relating to a matter for which the client has sought legal advice, as well as facts divulged by client to attorney and any opinions given by attorney based on these.

**Exemption (b)(6):** Records that contain identifying information that applies to a particular individual when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This requires the balancing of the public's right to disclosure against the individual's right to privacy.

**Exemption (b)(7)(A):** Records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information…could reasonably be expected to interfere with law enforcement proceedings.

**Exemption (b)(7)(C):** Records containing law enforcement information when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy" based upon the traditional recognition of strong privacy interests ordinarily appropriated in law enforcement records.

**Exemption (b)(7)(E):** Records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

**Exemption (b)(7)(F):** Records containing law enforcement information about a person, in that disclosure of information about him or her could reasonably be expected to endanger his or her life or physical safety.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

Transportation Security Administration (TSA) FOIA Branch applies Privacy Act exemptions to protect:

<u>Exemptions</u>

**Exemption (d)(5):** Information compiled in reasonable anticipation of civil action or proceeding; self-executing exemption.

**Exemption (j)(2):** Principal function criminal law enforcement agency records compiled during course of criminal law enforcement proceeding.

**Exemption (k)(1):** classified information under an Executive Order in the interest of national defense or foreign policy.

**Exemption (k)(2):** Non-criminal law enforcement records; criminal law enforcement records compiled by non-principal function criminal law enforcement agency; coverage is less broad where individual has been denied a right, privilege, or benefit as result of information sought.

**Exemption (k)(5):** Investigatory material used only to determine suitability, eligibility, or qualifications for federal civilian employment or access to classified information when the material comes from confidential sources.

**Exemption (k)(6):** Testing or examination material used to determine appointment or promotion of federal employees when disclosure would compromise the objectivity or fairness of the process.