UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LAURA POITRAS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 15-cv-1091 (KBJ) |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND REQUIRING SUBMISSION OF A *VAUGHN* INDEX

Plaintiff Laura Poitras is a journalist and a documentary filmmaker. In January and February of 2014, Poitras submitted requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Federal Bureau of Investigation ("FBI"), the Office of the Director of National Intelligence ("ODNI"), the Department of Homeland Security ("DHS"), and four DHS components: U.S. Customs and Border Protection ("CBP"), U.S. Citizenship and Immigration Services ("CIS"), U.S. Immigration and Customs Enforcement ("ICE"), and the Transportation Security Administration ("TSA") (collectively, "Defendants"). (Compl., ECF No. 1, ¶¶ 27–29.) Poitras's FOIA requests sought any records that these entities have relating to her, because Poitras claims that after producing and releasing a 2006 documentary about U.S. military efforts in Iraq, U.S. officials started detaining and questioning her at the U.S. border whenever she returned to the United States after travelling internationally. (*Id.* ¶ 9.) Poitras further claims that she has occasionally been subjected to Secondary Security Screening Selection. (*Id.*)

Each entity to which Poitras sent a FOIA request either failed to respond to her document request or withheld responsive records based on FOIA exemptions, and as a result, on July 13, 2015, Poitras filed the instant action.  (*See generally id.*)  Defendants then undertook to process her document requests, with the following results:  DHS transferred its request to CBP and TSA; CIS and ICE found no responsive records; ODNI found no records in non-intelligence files and could neither confirm nor deny if any records were located in classified files; and FBI, CBP, and TSA located responsive records, some of which they released and some of which they withheld, either in whole or in part, under various of the FOIA's statutory exemptions.  (*See* Mem. in Supp. of Defs.' Mot. for Summ. J., ECF No. 14 ("Defs.' Mem."), at 12–13.)  In addition, TSA took the position that it could neither confirm nor deny whether it had records indicating Poitras's status on a Federal Watch List.  (*See id.* at 30–31.)[1]

Before this Court at present are the parties' cross motions for summary judgment regarding the various agency defendants' searches for records.  (*See* Defs.' Mot. for Summ. J. ("Def.'s Mot."), ECF No. 14; Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Mot."), ECF No. 18.)  Defendants argue that they are entitled to summary judgment with respect to Poitras's entire complaint because the FBI, ODNI, and DHS and its subcomponents (1) conducted adequate searches for responsive documents, (2) properly invoked FOIA Exemptions 1, 3, 4, 5, 7(A), 7(D), and 7(E) to withhold responsive documents or portions thereof, and (3) properly issued *Glomar* responses refusing to confirm or deny the existence of records when doing so would have revealed classified information.  (*See* Defs.' Mem. at 15–44; Defs.' Reply in Further Supp. of Defs.' Mot.,

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

2

ECF No. 20, at 7–19.)  Poitras argues that she is entitled to summary judgment because CBP's search for responsive documents was inadequate; because the FBI's withholdings under Exemptions 5, 7(A), 7(D), and 7(E) are improper; and because CBP and the FBI ultimately failed to release all reasonably segregable information.  (Pl.'s Mem. in Opp'n to Defs.' Mot. & in Supp. of Pl.'s Mot., ECF No. 18 ("Pl.'s Mem."), at 18–30.)[2]

Although the FBI has submitted two declarations from David M. Hardy that purport to explain the agency's searches and withholdings (*see* Decl. of David M. Hardy, ECF No. 14-1 ("Hardy Decl."); Second Decl. of David M. Hardy, ECF No. 20-1 ("2d Hardy Decl.")), neither of these declarations contains a full *Vaughn* Index or any other detailed listing of the documents and information that the agency is withholding, or the particularized justifications for each withholding.  Instead, Hardy's first declaration describes in great detail the government's *general* reasons for withholding entire categories of information, but does not connect these generalized justifications to the particular documents that are being withheld in this case in any discernable fashion. (*See* Hardy Decl. at 18–47.)  And his second declaration similarly fails to provide a complete listing of document-specific justifications for the particular withholdings that the agency has made in response to the FOIA requests at issue (*see e.g.*, 2d Hardy Decl. at 6–9); rather, the declaration contains a list of documents that appears to cover only some of the records that the agency has withheld, and with respect to the records that do appear in this listing, the index does not explain the *reasons* that the *particular*

---

[2] Poitras expressly states that she is *not* challenging (1) any of the withholdings of CBP, TSA, and ODNI, (2) any of the FBI's withholdings under FOIA Exemptions 1, 3, 6, and 7(C), or (3) the adequacy of the searches for documents by department or subdivision other than CBP.  (*See* Pl.'s Mem. at 9.) The Court will therefore enter summary judgment in Defendants' favor on these issues.

exemption is being asserted with respect to any document, and instead merely references an FBI code that can only be understood by cross-referencing his first declaration.

To provide a specific example, in paragraph 89 of his first declaration, Hardy generally explains that "Exemption (b)(7)(E)-3 was asserted to protect information pertaining to the types and dates of investigation referenced in the records at issue." (Hardy Decl. at 43, ¶ 89.) But the "records at issue" are not listed. Instead, in a footnote, the declaration merely reports *the page numbers* of the Bates-stamped records that purportedly contain information that is being withheld pursuant to this exemption, and does not describe the documents at issue or provide the Court with any further context. (*See id*. at 43 n.36.) Similarly, in paragraph 91 of his first declaration, Hardy explains that, "[i]n Category b(7)(E)-5, the FBI protected methods the FBI uses to collect and analyze the information it obtains for investigative purpose[,]" adding that "[t]he release of this information would disclose the identity of methods used in the collection and analysis of information[.]" (*Id*. at 44–45, ¶ 91.) But, again, no specific context is provided—*e.g.*, a description of the particular documents that purportedly contain the withholdings—and the accompanying footnote lists only the "Bates numbered pages" that, according to the FBI, contain the types of information that is being withheld on this basis.

Mr. Hardy's second declaration ultimately fares no better. To be sure, it purports to contain a listing of the Bates numbers, document dates, general document descriptions, and exemptions that the FBI is citing for certain records. (*See* 2d Hardy Decl. ¶ 11.) But this listing appears to reference only those records that have been

4

withheld in full (*see id.* ("[F]or pages withheld in full ("WIF"), the below index provides a detailed analysis citing which exemption(s) applied to each document.")), and thus is seemingly incomplete. (*Compare* Hardy Decl. at 44 n.37 (referencing Bates numbers as high as 344), *with* 2d Hardy Decl. at 9, ¶ 11 (listing final Bates number as 247).) Furthermore, even assuming that the numbers that appear in the "Exemptions Cited" column correspond to the various exemptions in the FOIA statute, there is no explanation of *the specific reason* that the agency believes that the exemption is applicable to document at issue.

      This Court has previously held that a general declaration about categories of withholdings is manifestly insufficient to permit the Court to evaluate whether an agency has properly invoked a FOIA exemption. *See Sciacca v. FBI*, 23 F. Supp. 3d 17, 30 (D.D.C. 2014) (rejecting as insufficient a statement that does not list the responsive documents that purportedly contain the permissibly withheld information, and that does not "explain what types of documents [the] pages belong to, who created the documents and for what purpose, and how the exemptions relate to the nature of the documents themselves"). And such lack of specificity on the agency's part not only prevents the Court from analyzing the propriety of the exemptions asserted, it also thwarts any effort to "make the required specific findings of segregability regarding the documents to be withheld." *Sciacca*, 23 F. Supp. 3d at 29 (internal quotation marks and citation omitted); *cf. Wilderness Soc'y v. U.S. Dep't of Interior*, 344 F. Supp. 2d 1, 19 (D.D.C. 2004) (concluding that, with respect to the question of whether an agency has produced all reasonably segregable information, "blanket declaration[s]" do not suffice to carry an agency's burden of showing that certain documents may be withheld in full).

When an agency submits a Motion for Summary Judgment in a FOIA case that is not supported by a *Vaughn* Index or declarations that sufficiently detail the records and information that are being withheld, it is this Court's practice to deny the pending motion without prejudice and provide the agency with an opportunity to refile the motion with the requisite supporting documents.  *See Sciacca*, 23 F. Supp. 3d at 22. This Court opts to take that approach again here.

Accordingly, it is hereby

**ORDERED** that Defendants' [14] Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted, as conceded, with respect to (1) the withholdings of CBP, TSA, and ODNI, (2) the FBI's withholdings under FOIA Exemptions 1, 3, 6, and 7(C), and (3) the adequacy of the searches for documents by the FBI, the ODNI, DHS, CIS, ICE, and TSA.  (*See supra* n.2.) The Defendants' motion is otherwise denied without prejudice, for the reasons explained above.  It is

**FURTHER ORDERED** that the parties shall meet and confer, and on or before **April 25, 2017**, the parties shall file a joint proposed schedule that proposes due dates for the following filings:  (1) a *Vaughn* Index and/or supplemental declaration with respect to the FBI's full or partial withholdings under FOIA Exemptions 5, 7(A), 7(D), and 7(E), that comports with the specifications set forth in this Order, and (2) renewed cross-motions for summary judgment with respect to all remaining issues.  The *Vaughn* Index or supplemental declarations that the government submits must include (1) a description of each document that has been redacted or withheld, and, wherever possible, the date the document was created and reason for its creation; (2) the Bates ranges associated with each such document; (3) the exemptions that arguably apply to

each such document, and (4) the particularized reasons that the government believes that the asserted exemption applies to the particular document at issue.  (*See, e.g.*, Ex. D to Decl. of Sabrina Burroughs, ECF No. 14-3, at 32–55.)  To the extent that the Government maintains that provision of this information will force it to disclose the information it is authorized to protect, it may file both a public and an *ex parte* version of its *Vaughn* Index or supplemental declaration.  It is

**FURTHER ORDERED** that, in light of this Order requiring new filings in support of Defendants' summary judgment motion, Plaintiff's [18] Cross Motion for Summary Judgment is also **DENIED** without prejudice.  An updated version may be filed once the government has made its supplemental submissions.

DATE:  March 31, 2017                              *Ketanji Brown Jackson*
                                                   KETANJI BROWN JACKSON
                                                   United States District Judge